■ DUANE GOGA et al., Individually and as Parents of KRISTIE J. GOGA, an Infant, Appellants, v ORTHO DIAGNOSTICS, INC., Respondent. — Appeal from an order of the Supreme Court, entered July 2, 1981 in Broome County, which, *inter alia,* set aside a verdict in favor of plaintiffs rendered at Trial Term (Kuhnen, J.). Following the birth of her third child, plaintiff Barbara Goga received an injection of RhoGam, a drug intended to prevent hemolytic disease of the newborn in a subsequent pregnancy. A few months later, Barbara Goga became pregnant with her fourth child, Kristie. Kristie was born prematurely with hemolytic disease, but fully recovered within four or five months. Plaintiffs brought the instant action for, *inter alia,* breach of express warranty based on defendant's RhoGam explanatory pamphlet which Barbara Goga had been given by her obstetrician prior to her injection with the drug. After the jury returned a verdict finding express warranty, the trial court granted defendant's motion, pursuant to CPLR 4404, to set aside the verdict on the ground that defendant's pamphlet does not contain an express warranty. Plaintiffs have appealed. The trial court correctly found that as a matter of law no express warranty existed here. Defendant's pamphlet states that the drug "provides virtually complete protection" against hemolytic disease. Plaintiff Barbara Goga alleges that she understood this language to mean that the drug gave 100%, absolute protection. Virtually means "almost entirely" (Webster's New Collegiate Dictionary [1980 ed], p 1298). Clearly, it does not mean absolute or 100% (*Whittington v Lilly & Co.*, 333 F Supp 98). The instant case is distinguishable from *Drake v Charles of Fifth Ave.* (33 AD2d 987), which held that " 'completely safe' " was sufficient to create a jury question as to the existence of an express warranty since these words "in no way alerted a purchaser that there might be a small fraction of potential users" who would

suffer an anomalous reaction to the product. Here, in contrast, the qualifier "virtually" alerted users that a few people might have an idiosyncratic reaction to RhoGam. Therefore, the order appealed from should be affirmed. Order affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.